WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary D'Ambrosio,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>John Rea, Judge; Unknown Zwillinger; County of Maricopa; Unknown Greek,<br><br>　　　　　Defendants. | No. CV-12-1182-PHX-GMS<br><br>**ORDER** |

On June 6, 2012, the Court dismissed Plaintiff's Complaint with leave to amend. Plaintiff has filed an Amended Complaint. The Court will screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's First Amended Complaint is dismissed without leave to amend.

**I.    Amended Complaint**

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the Amended Complaint against only those Defendants named in the Amended Complaint.

Except with respect to Tara Spalding and Maricopa County, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. With the exception of

such claims against Tara Reid and Maricopa County the Amended Complaint is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II. Dismissal of All Claims Except Those Stated Against Tara Spalding and Maricopa County

In her Amended Complaint, Plaintiff states that "pursuant to official policy, usage and practice, "guards caused injury" to her causing damage to various body parts and causing her to be placed in isolation. She alleges that as a disabled vulnerable adult she was discriminated against and that as a seriously mentally ill person she was abused. She claims the guards were deliberately indifferent to her health and rights in light of her age and medical record. Plaintiff appears to complain about acts committed by Tara Spalding, apparently a corrections officer in the Maricopa County Jail system. She further seeks relief from "these [unidentified] entities" because no large print law books are available to aid me in "these five years of litigation," making "these defendants" liable for non-compliance with the Americans with Disabilities Act. She also complains of how her previous litigation, apparently involving these same matters, was handled and dismissed within the state court system.

Reading the Plaintiff's complaint liberally, as is required, it appears that she attempts to state a § 1983 claim against Corrections Officer Tara Reid and Maricopa County. Nevertheless, to the extent that her complaint seeks to assert claims against the Maricopa County Superior Court Judge who previously heard this matter, Judge John Rea, or other judges in the Arizona appellate court system, it fails to overcome the deficiencies previously identified in this Court's first order of dismissal. Further, the complaint fails to identify whom Plaintiff seeks to sue for violating the Americans with Disabilities Act and further fails to plead sufficient facts necessary to make any other claim plausible.

This Court previously noted Plaintiff's failure to clearly set forth claims against identifiable defendants and allowed Plaintiff to file an amended complaint so that she could correct this error. With the possible exception of Defendant Tara Spalding and

Maricopa County for a § 1983 claim for excessive force and/or cruel and unusual punishment claim Plaintiff has failed to do so. Although this claim may have already been resolved due to the state court proceedings, the Court will allow the Plaintiff to pursue only a claim for Tara Spalding and Maricopa County based on excessive force and/or cruel and unusual punishment. Any other claim which Plaintiff seeks to assert in her amended complaint is dismissed.

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (Doc. 5) may state a claim as to Defendants Tara Spalding and Maricopa County. Such a claim or claims may proceed. All other claims set forth in the Amended Complaint are **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff may serve the Summons and Amended Complaint upon the two remaining defendants pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff is further directed to familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona which can be found on the Court's website at www.azd.uscourts.gov.

Dated this 13th day of August, 2012.

_____
G. Murray Snow
United States District Judge