**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary D'Ambrosio,<br><br>              Plaintiff,<br><br>v.<br><br>Tara Spalding; and County of Maricopa,<br><br>              Defendants. | No. CV-12-01182-PHX-GMS<br><br>**ORDER** |

Before the Court are Defendants' Motion to Dismiss (Doc. 13) Plaintiff Mary D'Ambrosio's Amended Complaint, D'Ambrosio's Motion to Strike (Doc. 16) the Motion to Dismiss, Motion for Judgment (Doc. 23), and Defendants' Motion to Strike (Doc. 24) D'Ambrosio's Motion for Judgment. The Court grants Defendants' Motion to Dismiss, rendering the remaining Motions moot.

## BACKGROUND

On June 4, 2012, D'Ambrosio filed a Complaint in this Court against Defendants Maricopa County and Tara Spalding. (Doc. 1.) Pursuant to its obligations under 28 U.S.C. § 1915(e)(2), the Court screened D'Ambrosio's Complaint and dismissed it for failure to state a claim, while providing an opportunity to amend. (Doc. 4.) D'Ambrosio filed her Amended Complaint on June 25, 2012. (Doc. 5.) The Court again performed its screening function and dismissed all claims except those raised against Spalding and the County under 42 U.S.C. § 1983 for excessive force and/or cruel and unusual punishment. (Doc. 6.)

In her Amended Complaint, D'Ambrosio states that "pursuant to official policy,

usage and practice," prison guards "caused injury" to her, damaging various body parts and causing her to be placed in isolation. She alleges that as a disabled vulnerable adult she was discriminated against and that as a seriously mentally ill person she was abused. She claims the guards were deliberately indifferent to her health and rights in light of her age and medical record. It seems these acts were committed by Tara Spalding, apparently a corrections officer in the Maricopa County Jail system.  Defendants now seek to dismiss these claims.

## DISCUSSION

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants assert that D'Ambrosio's claim is barred by the statute of limitations. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Arizona law has a two year statute of limitations for personal injury actions. Ariz. Rev. Stat. § 12-542(1).[1] That means this Court cannot entertain D'Ambrosio's action if her injuries occurred prior to June 4, 2010. D'Ambrosio's Complaint states that her harm had its "inception . . . in

---

[1] "Except as provided in § 12-551 there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: 1. For injuries done to the person of another . . . ."

- 2 -

2007." (Doc. 5 at 4.) In addition, she states in her Response[2] that "February 2013 will be six years from date of loss." (Doc. 16 at 7.) Thus it appears that the alleged harm occurred around February 2007, well outside the statute of limitations applicable to § 1983 actions.

D'Ambrosio insists that she was exhausting her state court remedies before coming to the federal court in an attempt to toll the statute of limitations. Tolling is appropriate where a prisoner navigates mandatory *administrative* processes. *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005). Here, however, the allegations contained in the Amended Complaint and the statements in D'Ambrosio's Response reveal that D'Ambrosio was pursuing several actions in state court against a number of defendants, including Maricopa County. Statutes of limitation are not tolled while a plaintiff pursues various remedies in other proceedings; indeed, the similarity between D'Ambrioso's claims in this case and those she prosecuted in the previous proceedings also make this case a likely candidate for application of res judicata. Whatever disagreement D'Ambrosio has with the outcome of those other proceedings, she cannot relitigate her claims forever. There does not appear to be any ground to toll the statute of limitations. Accordingly, the Court must dismiss D'Ambrosio's Amended Complaint with prejudice.

Defendants have requested that this Court enter an order declaring D'Ambrosio a vexatious litigant. They have attached several of D'Ambrosio's complaints in state court actions and those courts' disposition. (Docs. 13-1, 13-2, 13-3, Exs. 1-4.) Those complaints raise claims quite similar to those raised here, and the courts uniformly dismissed them. In addition, Defendants have submitted a table that purports to describe the civil cases filed by D'Ambrosio. (Doc. 13-4, Ex. 5.) D'Ambrosio disputes her status as plaintiff in at least one of those cases. (Doc. 16 at 1-2.) The Court declines to enter such an order on the basis of such a sparse record. Nevertheless, cannot continuously litigate claims that have been dismissed by other state and federal courts. A vexatious

---

[2] The Court construes D'Ambrosio's Motion to Strike (Doc. 16) as a Response to Defendants' Motion to Dismiss.

litigant order may be appropriate if D'Ambrosio continues to file complaints that cover the same conduct.

## CONCLUSION

The Court recognizes that D'Ambrosio feels wronged. Nevertheless, the law provides only a limited window of time in which a plaintiff can bring a claim. D'Ambrosio's § 1983 claim falls outside that window of time. Accordingly, the Motion to Dismiss is granted. The Court denies Defendants' request for a vexatious litigant order.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. 13) is **GRANTED.** D'Ambrosio's Amended Complaint is dismissed with prejudice.

2. D'Ambrosio's Motion to Strike (Doc. 16) is **denied as moot.**

3. D'Ambrosio's Motion for Judgment (Doc. 23) is **denied as moot.**

4. Defendants' Motion to Strike (Doc. 24) is **denied as moot.**

5. The Clerk of Court is directed to terminate this action.

Dated this 20th day of December, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge